THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRED
J. HULL, Appellant.

Second Department, May 28, 1937.

*Joseph A. Solovei*, for the appellant.

*Hiram C. Todd, Special Assistant Attorney-General [Franklin S.
Pollak and Ira C. Werle, Special Assistant Attorneys-General*, with
him on the brief], for the respondent.

CARSWELL, J.   An indictment was found on January 17, 1936,
charging Fred J. Hull, Meyer Luckman and Harry Luckman with
murder in the first degree for the killing of Samuel Drukman on
March 3, 1935. All three were convicted of murder in the second
degree. We have here the appeal of defendant Hull.

He asserts (a) that he was deprived of his constitutional and
statutory right to be represented on the trial by counsel; (b) that
the trial jury was not legally constituted in that peremptory chal-
lenges made by the two defendants Luckman were not joined in

by him and were accepted in disregard of section 360 of the Code of Criminal Procedure; and (c) that the extraordinary grand jury which found the indictment was illegally constituted. The last stated ground will not be considered.

If the first two have substance, we are precluded from examining into the question of defendant Hull's guilt, because the merits of a conviction may only be determined after a legal trial has been had; and if Hull was illegally deprived of the constitutional and statutory right to counsel, there was no trial binding as to him.

When the indictment upon which the trial was had was found on January 17, 1936, Joseph A. Solovei appeared as counsel for all three defendants, who then pleaded not guilty. The special prosecutor urged February 3, 1936, as a trial date. Solovei suggested a little later date because of motions that were to be made in advance of trial. The court fixed February 3, 1936, as the trial date.

On January 20, 1936, Mr. Solovei appeared on an application for the impaneling of a special jury. He did not oppose the same, but apprised the court he had voluminous papers in preparation on a motion for a change of venue and suggested a date later than February 3, 1936, because of prospective motions and also because he was required to go into the McFarland murder trial on January 27, 1936, where the indictment moved for trial had been found four days before the Hull indictment, to wit, on January 13, 1936, and trial set for January 27, 1936, with a special panel of jurors ordered by the trial judge for that date. The court adhered, however, to the previously fixed date of February 3, 1936.

On January 23, 1936, three lawyers, Messrs. Solovei, Murray and Cuff filed a joint appearance for all three defendants herein, and they brought on a motion for a change of venue, returnable January 29, 1936, which was referred to the trial justice herein and argued by Mr. Cuff. In the meantime, Mr. Solovei, on January 27, 1936, entered upon the defense in the McFarland trial. He was required to proceed with the McFarland trial although he sought an adjournment of it so that he might be available on February 3, 1936, for the Hull trial.

On January 29, 1936, the motion for a change of venue was denied by the trial justice herein. Meanwhile the McFarland trial was proceeding before the other court. On January 31, 1936, notices of appearance were filed, one by Mr. Murray for defendant Harry Luckman, one by Mr. Cuff for defendant Meyer Luckman, and one by Mr. Solovei for defendant Hull. It thus appears that until January 23, 1936, Mr. Solovei appeared for all three defendants. On that day all three lawyers appeared jointly for all three defend-

ants, and in all of the preliminary moves representation was joint and the proceedings of the defendants were in common. But when these moves terminated on January 31, 1936, each defendant, in the exercise of an undoubted right, which each was free to exercise without hindrance, designated separate counsel. This they well might do because of a possible conflict of interest between the several defendants during the course of the trial. Meantime the McFarland trial was still in progress.

On February 3, 1936, the special prosecutor moved the indictment in this case for trial, and on that day Mr. Solovei was still engaged in the trial of the McFarland case. The record herein notes that Mr. Cuff appeared for Meyer Luckman and that Mr. Murray appeared for Harry Luckman, but there is no mention of any appearance for defendant Hull. There was submitted an affidavit showing Mr. Solovei's actual engagement in the McFarland trial and reciting how he came to be in it, giving details as to the date when the indictment was found, the fact of a special panel, the fixing of the trial date prior to the fixing of the trial date in the case at bar, and request was made for a short adjournment until the McFarland case engagement concluded. Under rule 3 of the Kings County Supreme Court Rules, Trial Terms, it was sufficient to apprise the trial justice of these facts orally, and under that rule he was obligated to give heed to the engagement under the circumstances. The trial justice knew the facts with reference to the McFarland case as far back as January 20, 1936, as did the special prosecutor. The court, despite all this, disregarded the request, and the trial proceeded. The court informed defendant Hull that he would have to get another counsel or the court would assign one. Defendant Hull stated, " I don't want nobody but Mr. Solovei," and the court announced, " We will proceed just the same." The special prosecutor called the court's attention to what has been stated already in reference to the earlier joint appearance of the three lawyers for the three defendants. And then the court said he had offered to assign an attorney if Mr. Hull wanted one. After further colloquy the court answered, " We will proceed with the trial; go ahead."

A colloquy then ensued in reference to the making of certain motions, and the passing upon them was deferred. Talesmen were examined and then followed a challenge by one of the counsel present, joined in by the other, whereupon the court asked Hull if he joined in the challenge, and his answer was, " My counsel is not here." The court then ruled that the challenge would be allowed as being made by all three defendants, " A majority of them

having spoken." This procedure continued on February third, February fourth, and up to the afternoon session on February fifth, during which time sixty talesmen were examined. Thirteen were peremptorily challenged by counsel for the other two defendants without Hull or anybody on his behalf joining in these peremptory challenges, and four jurors were selected and sworn.

Meanwhile, Mr. Solovei continued his engagement in the McFarland case, and, at the close of the submission of that case to the jury, on February 5, 1936, he immediately proceeded to the Hull trial at the afternoon session. Thereupon the special prosecutor stated that counsel *for all the defendants were present*, and he inquired whether the court wished to take up the motions previously referred to but not ruled upon. The court said they would be still further deferred until the jury were all selected. Whereupon Mr. Solovei made a preliminary motion, based on his McFarland trial engagement, stating the facts in reference thereto and their relation to the pending Hull trial, and urging that Hull's rights had been invaded. He moved for a severance on behalf of Hull. The motion was denied and excepted to, and the examination of the talesmen continued, with Mr. Solovei taking no part. At the afternoon session on February seventh, the court for the first time took the position, in addressing Mr. Solovei, that defendant Hull had been represented by other attorneys, in connection with stating that he had offered to assign an attorney, but that Hull had not accepted the offer. The court then offered to allow Mr. Solovei to challenge the first four jurors selected *if the other defendants would agree.* The latter refused, as they were free to do. This offer, if it were agreed to, would not, of course, restore the rights Hull had lost in connection with the opportunity to refuse to join with the other defendants in the peremptory challenges which had been ruled to be effective in respect of thirteen talesmen, and whose rejection he could have prevented. The jury at this point having been selected, they were sworn as a body, they previously having been separately sworn.

When the trial justice set the case down for a day certain, February 3, 1936, this meant nothing more than that the defendant must go to trial at that time, *provided no legal excuse to the contrary appeared.* Here a legal excuse did appear, contained in a sworn affidavit, although rule 3 of the Kings County Supreme Court Rules, Trial Terms, required the trial court to consider it, even if merely presented orally. There had been no prior adjournment of the trial, and the trial justice knew the facts in respect of the McFarland trial at least twelve days before he was required to

rule on a forty-eight or seventy-two-hour adjournment, based on actual legal engagement on February 3, 1936. The verity of that legal engagement was not and is not challenged. No basis for a conclusion of bad faith respecting Hull's request for a short adjournment may be predicated on the three defendants having filed separate notices of appearance on January 31, 1936, in connection with the trial itself. The right to do so was absolute, for reasons already indicated. The granting or refusal of an adjournment rests in discretion (*People* v. *Jackson*, 111 N. Y. 362), but refusal, under the circumstances, to heed this legal engagement was a gross abuse of discretion, under long-settled authorities. (*People* v. *Botwin*, 241 App. Div. 527; *People* v. *Kerber*, 172 id. 755; *People* v. *Calabur*, 91 id. 529, and cases cited therein.)

The course of the trial, as revealed, discloses that the trial, as a matter of law, was illegal so far as the defendant Hull was concerned. As was said in *People* v. *Price* (262 N. Y. 410, 412): " Under both our Federal and State Constitutions, a defendant has the right to defend in person or by counsel of his own choosing. (U. S. Const. 6th Amendt.; State Const. art. I, § 6.) Where, therefore, a defendant appears by his own attorney, there is no power in the court to assign counsel at any stage of the proceedings."

Defendant Hull, during the first two and a half days of this trial, was not represented by counsel of his own choosing, although he had previously chosen counsel in the person of Mr. Solovei. But it is urged that the court was justified in assuming that Hull was in fact represented by counsel during that period. This contention disregards the rulings of the trial justice to the contrary. His rulings indicated that Hull had no counsel present during that period, and he was consistent in so ruling for two and a half days and up to the time Mr. Solovei appeared at the afternoon session of February 5, 1936.

When challenges to talesmen were ruled upon, the trial justice announced that his ruling was based on a majority vote of counsel. Such a ruling disregarded section 360 of the Code of Criminal Procedure (*People* v. *Doran*, 246 N. Y. 409, 425), since defendant Hull, either personally or through a lawyer, had not evinced his assent or dissent to the challenges of the two other defendants' counsel, and Hull's rights thereunder were substantial (*People* v. *McQuade*, 110 N. Y. 284). And when the court announced, " a majority of them having spoken," meaning a majority of defendants, he recognized that there was no counsel speaking or available to speak for defendant Hull.

To be sure, on February 7, 1936, the fifth day of the trial, the court announced that Hull had been represented all along, includ-

ing the first two and a half days, but this statement disregarded the record made by the court. It was not in accord with the rulings of the trial court on that point during the first two and a half days. The declaration was obviously an inadvertence or an afterthought. On behalf of the special prosecutor, it is urged that Hull was in fact represented by counsel on the first day of the trial and thereafter. This contention, too, is not sustained by the record. It is likewise an inadvertence or an afterthought, because, as late as the afternoon session of February fifth, we find the special prosecutor indicating that he, too, did not consider that Hull was represented on the trial, for, when Mr. Solovei appeared at that time, the special prosecutor called the court's attention to his presence in connection with certain motions which were pending, and stated, " Counsel for all the defendants *are here now*, including Mr. Solovei." He thus indicated that up to that time he did not consider that Hull had any counsel present.

So the undisputed facts, including the acts of both the trial justice and the special prosecutor, up to the afternoon session of February 5, 1936, disclose that Hull was not represented by counsel on this trial. Therefore, as a matter of law, he was required to proceed with the trial, charged with murder in the first degree, without counsel of his own choosing, despite his constitutional and statutory rights. (Code Crim. Proc. § 8, subd. 2; State Const. art. 1, § 6.)

We are told, however, that what occurred after the appearance of Mr. Solovei at the February fifth afternoon session establishes that Hull was represented by counsel on the trial, not only before that day, but thereafter. The incidents invoked have no such effect and may not be given such effect, because (a) in and of themselves they do not constitute an appearance of any lawyer for him on this trial; and (b) the trial justice, on February 10, 1936, when the first witness was sworn, endeavored to have Mr. Solovei participate in the trial on behalf of Hull, and, when Mr. Solovei stated that he could not do so without prejudice to his client's rights in respect to what theretofore had occurred, the court said: " The court informs you that the rule is otherwise, and you may participate without prejudice if you so desire." After that observation the justice should not, nor may we, utilize what thereafter happened as a basis for a holding that Hull had been represented by counsel. The trial justice, we are persuaded, would not wish to be placed in such a position. Justice may not stand on a pedestal of duplicity. She would be in that ignoble posture if, by reason of these subsequent incidents, and in disregard of the assurance of

the trial justice, it were ruled that Hull was in fact represented by counsel on this trial.

It thus appears that an elementary doctrine, long and universally recognized, that a defendant is entitled to be represented in a criminal trial by counsel of his own choosing, was violated as a matter of law. To hold otherwise would be a reproach to the administration of justice and a farcical disregard of basic rights, the invasion of which would not be tolerated under any system of jurisprudence administered in any English-speaking country, if, indeed, in any other. A reversal must ensue, and a new trial directed to be had, as no basis exists for a dismissal of the indictment.

It is to be regretted that these errors make a reversal imperative and preclude a review of the merits. These errors result in unnecessary expense to the county for special counsel on this appeal and for the conduct of a new trial. It all could have been readily avoided by obeying elementary basic doctrine. The special prosecutor should not have urged or assented to a trial under such circumstances, and the trial court should not have insisted on proceeding in disregard of such fundamental rights of a defendant, especially when the defendant was on trial for his life and a few days' delay would be inconsequential.

By permission, this appeal was heard on certain original exhibits, the printed record herein and the record and appendices of briefs in *People* v. *Luckman* (248 App. Div. 233).

The judgment of conviction should be reversed on the law and the facts and a new trial granted.

LAZANSKY, P. J., JOHNSTON, ADEL and TAYLOR, JJ., concur.

Judgment convicting defendant of the crime of murder in the second degree reversed on the law and the facts and a new trial granted.