THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES I. GORDON, Appellant.

Second Department, November 3, 1941.

*James D. C. Murray* [*Daniel Kirchman* with him on the brief], for the appellant.

*Edward H. Levine, Assistant District Attorney* [*William O'Dwyer, District Attorney*, with him on the brief], for the respondent.

PER CURIAM. This is an appeal by the defendant from a judgment of conviction of the crime of manslaughter in the first degree. It appears that this is the third trial. The first trial resulted in a disagreement. The second trial resulted in a conviction, but on appeal the conviction was reversed and a new trial ordered. (258 App. Div. 983.) This appeal is from the judgment rendered after such new trial.

The first point raised by the appellant is that he was deprived of his constitutional right to be represented by counsel of his own choosing. This contention of the appellant makes it necessary to consider the events leading up to and at the trial.

It appears that on appeal from a former judgment of conviction the defendant was represented by Jacob W. Friedman. In preparation for the new trial, a motion for a special panel of jurors was served upon Mr. Friedman who was then the attorney of record. The motion was granted and the case was set down for trial on the 18th of November, 1940. About November 2, 1940, James D. C. Murray, Esq., the present attorney of record for the appellant, was retained by the appellant to represent him on the third trial. It appears that Mr. Murray had been the attorney for one Hayes who was convicted of the crime of conspiracy in the State of Connecticut. The Hayes trial was prolonged, lasting more than nine months. An appeal was taken to the Court of Errors, and that court set aside the 12th, 13th and 14th days of November, 1940, for the argument of the appeal. Argument was had throughout the twelfth of November, but because of the illness of the chief justice of that court, argument had to be suspended and further argument adjourned to the nineteenth of November. An application made by Mr. Murray to the chief justice of the Court of Errors for an adjournment of the further argument of that appeal until the twenty-first of November because of an engagement to try the defendant's case on the eighteenth was refused upon the ground that it would discommode a large number of lawyers who were engaged in the same case. Thereafter, and on the fourteenth of November, Mr. Murray wrote a letter to the district attorney of Kings county informing him of the situation and of the refusal of the court to pass further argument of the Hayes case until the twenty-first and sought an adjournment of the trial of this case until he had finished his engagement in the State of Connecticut.

On the following day, while present in Part I, County Court of Kings County, in connection with another case, Mr. Murray stated to the judge who presided in this case the situation as above outlined and sought a further adjournment. This request was refused. Thereupon Mr. Murray offered to select a jury for Monday, November eighteenth, if the trial of the case could be adjourned until he finished his actual engagement in Connecticut. This procedure was objected to by the assistant district attorney and was denied by the court. On Monday, November eighteenth, Mr. Murray appeared in Part I, Kings County Court, submitted an affidavit embodying the facts hereinbefore stated, and again sought an adjournment. After a long and acrimonious colloquy the court refused a further adjournment. Whereupon Mr. Murray announced his withdrawal from the case and the court directed the defendant to secure other counsel or he would assign counsel. Upon the defendant's refusal to secure other counsel or to consent to the assignment of counsel, the court requested Leo Healy, Esq., to represent the defendant. Mr. Healy explained that he was actually on trial and could not take the assignment. Whereupon the court attempted to assign Walter R. Hart, Esq., but after a conference held with Mr. Hart, the assistant district attorney in charge of the case, and the defendant, Mr. Hart was excused from serving and the matter was adjourned to November 19, 1940. On the following morning the court assigned David F. Price, Esq., to represent the defendant. It appears from the record that Mr. Price was in another part and was summoned to Part I, and he urged upon the court that he was not in a position to defend the defendant for the reason that he was not prepared and the defendant already had paid other counsel to defend him. The court refused to accept the excuse which Mr. Price offered, and directed him to impanel a jury. Whereupon, through Mr. Price, the defendant refused to participate in the trial upon the ground that the rights guaranteed to him by the Constitution of the State of New York and the Constitution of the United States had been violated. After a trial, in which the defendant took no part, and offered no testimony in his behalf, he was convicted. After his conviction a motion to set aside the verdict was denied and the defendant was sentenced to a term of not less than six years and not more than fifteen years in State prison.

In our opinion the constitutional rights of the appellant were violated. It was error for the learned county judge to refuse to honor the legal engagement of the defendant's attorney in the highest court of a sister State. The learned court committed further error by assigning counsel to defend the appellant at a

time when he was represented by an attorney of his own choosing. The technical reason advanced by the court for refusing to recognize the engagement of the attorney was that he had not filed a formal notice of appearance. The record discloses that the district attorney's office of Kings county was informed that the case was to be tried by Mr. Murray. It likewise discloses that Mr. Murray's engagement in Connecticut would have been completed in ample time for the trial of the defendant except for the unfortunate and unforeseen illness of the chief justice of the Court of Errors in the State of Connecticut. The record further discloses the good faith of this attorney in attempting to secure an adjournment of the Connecticut case so that he would be able to try this case without delay, and of his prompt disclosure to the district attorney of Kings county of his engagement in Connecticut and the reason therefor. His good faith is further established, and it is undisputed in this record, that on the fifteenth of November he informed the court that he was willing to select a jury for the nineteenth on condition that the case would be adjourned until after the completion of his Connecticut engagement.

We do not see what else could have been done by this attorney to establish his good faith, and we find that any strictures placed upon him by the court in this record have no adequate foundation in fact. Even assuming that the attorney was technically negligent by failing to file a notice of appearance, such negligence. did not justify an invasion of the substantial rights of the accused to appear by counsel of his own choosing. (*People* v. *Calabur*, 91 App. Div. 529.)

The matter of granting or refusing an adjournment rests in sound judicial discretion (*People* v. *Jackson*, 111 N. Y. 362), but the court's failure to heed the engagement of the defendant's attorney in the highest court of a sister State was an improper exercise of such judicial discretion as is well established by the authorities. (*People* v. *Hull*, 251 App. Div. 40; *People* v. *Botwin*, 241 id. 527.)

Under the circumstances disclosed by this record, the court was without power or authority to designate counsel to represent the appellant. (*People* v. *Price*, 262 N. Y. 410; *People* v. *Hull*, *supra*.)

In the court's opinion and in the colloquy during the trial, language was used by the learned court which reflected upon the integrity of Mr. Murray, and of Mr. Price, who was assigned by the court to defend. We can find no justification for the use of such language in this record, nor do we find anything in the conduct of either of these attorneys that reflects upon their integrity in the slightest degree.

Inasmuch as we have come to the conclusion that the judgment will have to be reversed and a new trial had, the other points raised by the appellant need not be considered.

The judgment of the County Court of Kings County, convicting the defendant of the crime of manslaughter in the first degree for having performed an operation on one Rose Glickfeld resulting in her death, should be reversed on the law and a new trial ordered. In our opinion such new trial should be moved before a county judge of Kings county other than the judge who presided on this trial.

LAZANSKY, P. J., HAGARTY, ADEL, TAYLOR and CLOSE, JJ., concur.

Judgment of the County Court of Kings County, convicting the defendant of the crime of manslaughter in the first degree, reversed on the law and a new trial ordered.