Mitchell D. Schweitzer, J.
Writ of error coram nobis to vacate a judgment of conviction entered against the defendant on July 13,1928.
The court records show that the defendant was indicted on June 21,1928, for robbery in the first degree and was arraigned on the indictment on June 25. On this latter date his counsel, A. Spencer Feld, Esq., was present and filed his appearance. A plea of not guilty was entered by the defendant.
On July 5, 1928, the case appeared on the Trial Calendar for the first time before the late Judge Otto Rosalsky. On this date Mr. Feld was not present and the trial record does not reflect the presence of anyone appearing on behalf of this defendant.
The first entries with respect to appearance of counsel reads: “ People, Assistant District Attorney Garrison. Defendant, LeRoy Andrews (assigned by the Court to select a jury in the absence of A. Spencer Feld, Esq., counsel of record).”
The petitioner asserts in his moving papers that he objected to the court’s summary assignment of Mr. Andrews and informed the court that he had already engaged a lawyer whose appearance had been filed. He further asked that the case be adjourned so that he could secure the services of his own counsel. Nevertheless the petitioner states that the court ordered the trial to proceed and directed Mr. Andrews to select a jury.
There is nothing in the trial record to reflect this conversation, and the next notation in the record is as follows: “ (A jury is duly empanelled and sworn). The Com.,.- Gentlemen, this case must be continued till tomorrow at 11 o ’clock for the reason thai counsel, who is to try the case, is out of town. Through an error the case was marked 1 Ready ’ and this error was committed because someone answered the case for the defendant to the effect that he was ready. As a matter of fact, the counsel who represents the defendant is out of town. His associate is in court and asks that the case be postponed until tomorrow morning. (Jury admonished — trial adjourned to July 6th, 1928, 11 a.m.) ”
On the following day, July 6, 1928, the defendant’s counsel, Mr. Feld, appeared in court. Petitioner states that on that day Mr. Feld informed the court that he did not desire to proceed with the trial with the jury selected by assigned counsel and over the petitioner’s objection but that nevertheless the court denied his application. The trial then continued until July 13, 1928, on which date the defendant was convicted of robbery in the first degree. Thereafter the defendant was sentenced to the State prison for a period of no less than 20 years nor more than 40 years.
*249 It is the petitioner’s contention that the conviction by the jury is invalid in that it was obtained in violation of law; in violation of his constitutional rights as guaranteed by both Federal and State Constitutions (U. S. Const., 6th Amdt.; N. Y. Const., art. I, §6). In substance, the petitioner contends that the conviction so obtained is so violative of his rights as to be void and subject to vacatur on this application.
Based upon petitioner’s application, the court ordered a hearing. The petitioner testified, in substance, as to the occurrences on July 5 and July 6, stating that the events to which he testified took place in the form of unrecorded colloquies at the Bench. On the 5th of July the colloquy took place between himself and the court and on the 6th of July it took place between the court and his counsel.
His testimony in respect to the events of July 6 is based upon statements made to him by Mr. Feld. Mr. Feld did not testify as a witness at the hearing. The petitioner further stated that on July 5 he protested to assigned counsel that he did not want him to proceed but that nevertheless his assigned counsel told him he was required to proceed by direction of the court. As already indicated, the record is completely barren as to what transpired at either Bench conference. Significantly, nothing appears in the record reflecting the circumstances leading up to the designation of assigned counsel, and the reporter’s cryptic observations in the record as to the designation of LeRoy Andrews, Esq., in the absence of the defendant’s counsel would apparently reflect a practice then existing whereby the court reporter entered the results of an off the record colloquy at the Bench. I am certain had the court made any statements in open court which preceded the designation of such assigned counsel that the reporter, as he so testified, would have duly recorded such remarks.
I place credence in the testimony of the petitioner that he objected to the summary assignment of counsel and that nevertheless such assigned counsel was directed to proceed to pick a jury in spite of the fact that the petitioner requested an adjournment until the appearance of retained counsel.
I find nothing in the record to indicate that anyone on behalf of the defendant had marked this case ready and I am at a complete loss to ascertain what impelled the court to state to the jury that the case had been marked ready in error by someone who had answered it on behalf of the defendant. I make this observation in the light of the fact that the record reflects the appearance of the Assistant District Attorney and of assigned counsel only and does not mention the name of anyone purporting to act for absent counsel.
*250 I am more than satisfied that the petitioner’s testimony as to what occurred on the morning of July 6 in a Bench conference between the court and Mr. Feld is, in substance, true. I take judicial notice of the fact that his retained counsel, A. Spencer Feld, Esq., was an astute, diligent, conscientious and proficient lawyer and I cannot conceive that he would consent to proceed to trial with a jury hurriedly chosen by a lawyer who had absolutely no knowledge of the facts in the case.
The People resist the granting of this application on the ground that the error, if any, committed by the court was on the record and as such was available to the defendant on appeal. As a matter of fact this defendant did file an appeal but failed to raise the grounds set forth in the instant motion.
It is basic that a defendant is entitled to counsel of his own choosing at every stage of the proceeding (People v. Price, 262 N. Y. 410; People v. Koch, 299 N. Y. 378; Powell v. Alabama, 287 U. S. 45) and that where a defendant appears by his own attorney, there is no power in the court to assign counsel to the defendant at any stage of the proceedings over his objection and without his express consent (People v. Silverman, 3 N Y 2d 200, 202 and cases cited therein). It cannot be gainsaid but that the impanelling of a jury is a most important stage of a trial.
In People v. Hull (251 App. Div. 40) the defendant, one of three on trial, was required by the court to proceed to trial after an application for an adjournment made by his retained counsel because of an actual engagement on another trial was rejected. The defendant refused to secure other counsel as suggested by the court or to accept counsel which the court offered to assign to him.
The trial proceeded with the picking of the jury and the defendant’s retained counsel appeared on the afternoon of the third day of trial. Up until his appearance 60 talesmen had been examined, of whom 13 had been peremptorily challenged by counsel for the two codefendants without, however, this defendant or anyone on his behalf joining in the challenges. Four jurors had been selected and sworn. The defendant Hull at no time participated in the selection of these jurors and patently the peremptory challenges exercised by counsel for the codefendants were in violation of section 360 of the Code of Criminal Procedure.
When counsel for the defendant appeared on the afternoon of the third day the court did offer to permit him to challenge the four selected and sworn jurors if the other counsel agreed. They, however, refused to accede to the court’s suggestion and the trial proceeded with counsel for Hull taking no part.
*251 The defendant was convicted and on appeal the conviction was reversed on the ground that the court erred in refusing to grant an adjournment to the defendant as it deprived him of the right to be represented by counsel of his own choosing.
The issue of granting or denying an application for a continuance is a matter of judicial discretion for the trial court (People v. Jackson, 111 N. Y. 362). The court’s refusal to grant an adjournment because of the absence of retained counsel, with no evidence that said absence was deliberate with the intention of impeding or thwarting the orderly process of law, constitutes an improvident abuse of discretion (People v. Gordon, 262 App. Div. 534; People v. Hull, 251 App. Div. 40, 44, supra and cases cited). This conclusion becomes self-evident in the instant case inasmuch as Mr. Feld did appear on the morning following the selection of the jury by the court-assigned counsel.
It is no longer the- rule in this State that the remedy afforded by this writ is limited to relief sought where the error was committed dehors the record. People v. Silverman (3 N Y 2d 200, supra) appears to embrace all of the law necessary to sustain the petitioner’s contention. Judge Burke stated (pp. 202-203): ‘ ‘ Although the fundamental precept of coram nobis is that it may not be employed to raise errors appearing on the face of the record, there is an exception to this basic rule. Judicial interference with the right to counsel guaranteed to defendant by law may warrant the extraordinary remedy of coram nobis, even though the error appears on the face of the record (Matter of Bojinoff v. People, 299 N. Y. 145; People v. Koch, supra). Nevertheless each exception to the rule must be justified by special evidence of a denial of due process requiring corrective judicial process. Hence the scope of corami nobis will not be expanded unless the injury done to the defendant would deprive him of due process of law. In this case assigned counsel may have been reluctant to challenge the propriety of their assignment or the failure of the trial court to permit adequate time for the preparation of a defense when the assignment was accepted with full knowledge of all the circumstances. Such 'an inhibition might impair the right of defendant to counsel, as it may cast doubt on the freedom of assigned, counsel to fully and properly represent the defendant. The unusual nature of these relationships present exceptional facts which, if established, sufficiently support defendant’s claim to relief by way of a writ of error coram nobis
After a reading of the Silverman decision (supra), particularly when read with the decision of People v. Shapiro, decided the same d'ay (3 N Y 2d 203), the conclusion is irresistible that *252 the Court of Appeals had set down a factual test which may be epitomized by saying that the writ of error coram nobis is available to the defendant even where the error appears on the record where on the entire case the conduct of the trial judge is so unreasonable as to unjustifiably impair a defendant’s right to counsel of his choice to such an extent that it deprives him in a real sense of due process of law.
Whether or not the present application is embraced by the principles blazed by the Silverman case (supra) is best answered by Judge Carswell in the Hull case (251 App. Div. 40, 46, supra). He stated therein: “ It thus appears that an elementary doctrine, long and universally recognized, that a defendant is entitled to be represented in a criminal trial by counsel of his own choosing, was violated as a matter of law. To hold otherwise would be a reproach to the administration of justice and a farcical disregard to basic rights, the invasion of which would not be tolerated under any system of jurisprudence administered in any English-speaking country, if, indeed, in any other.”
The motion is granted and the judgment of conviction for the crime of robbery in the first degree is vacated.
The petitioner is to be produced in court for further proceedings as soon as practicable.
Submit order.