■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD Fox et al., Appellants.— Appeal from a judgment of the County Court of Rensselaer County, rendered June 27, 1974, upon a verdict convicting the defendants of the crime of criminally negligent homicide in the death of their eight-year-old son, Brian E. Fox (Penal Law, § 125.10). The defendants called an ambulance and rescue squad to their home to convey their eight-year-old child, Brian E. Fox, to the hospital. He was pronounced dead on arrival at Leonard Hospital in Troy, and the people in charge, upon observing the condition of the child's body, called the County Medical Examiner who, in turn, called the State Police and the Rensselaer County District Attorney's office who questioned the defendants and obtained statements from each. The defendants' home was searched and certain items seized and later introduced at the trial. After trial, the defendants were acquitted of manslaughter but convicted of criminally negligent homicide and sentenced to the maximum term of four years imprisonment. The defendants contend that the evidence adduced at the trial was legally insufficient to sustain their conviction. The defendants admitted that they beat and abused the child with a belt and a ruler on his bare skin and, on occasions, made him run in place on a hard rubber and steel mat for a couple of hours, or until he dropped, and made many other incriminating admissions to medical personnel. Edward Fox admitted that the boy had never been given medical attention, had never been to a doctor, and he had never taken him to a hospital until he died. In addition, Brad Fox, seven-year-old brother of the deceased testified as an eyewitness to the beatings and abuse. Doctors testified that the sores and bruises were caused by trauma administered on multiple occasions to the bare skin. The cause of death was traumatic injuries to the skin and infection of those injuries and infection of the vital organs such as the lungs and kidneys, and final renal shutdown. There was ample evidence from which the jury could conclude, beyond a reasonable doubt, that the defendants were guilty as found (*People* v. *Atlas,* 230 N. Y. 629). The defendants urge that the inculpating statements taken from them and admitted into evidence should have been suppressed as having been taken in violation of the Fourteenth Amendment and the rule of *Miranda* v. *Arizona* (384 U. S. 436). Police investigators informed Mrs. Fox of her *Miranda* related rights prior to any questioning at the hospital. She was not in custody at that time (*People* v. *McKie,* 25 N Y 2d 19). At the commencement of the custodial interrogation at the police barracks, the investigator again advised her of her *Miranda* rights and there the defendant, Mrs. Fox, specifically declined when asked if she wished to have an attorney present. With respect to the defendant Edward Fox, a written statement was elicited from him at the station house which he then signed, all of which was preceded by the police advising him of his *Miranda* rights. The record indicates that the defendant Ruth Fox consented to the request by the police to search her home. Therefore, such items seized pursuant to the search were admissible. Nor do the defendants submit grounds for reversal on their contention that the trial court erred in refusing to submit a charge of lesser included offenses, as well as that of criminally negligent homicide, to the jury. The factual situation in the

instant case justifies the refusal of the trial court to submit a charge of the lesser included offense (CPL 300.50). Nor was there error in the trial court's denial of the defendants' challenge for cause of two prospective jurors, one of whom was excused peremptorily by the defense. On the testimony of each juror in question, the court could not have concluded that the juror had a state of mind that was likely to preclude the rendering of an impartial verdict (CPL 270.20). The trial court's refusal of further adjournment does not constitute reversible error (*People* v. *Gordon*, 262 App. Div. 534). Finally, the defendants assert the sentence of four years for each defendant was harsh and excessive and ask that the sentences be reduced to probation or, at the maximum, to a term of one year in prison. The defendants were found guilty of, in effect, beating their son until his death resulted, and the imposition of the maximum sentence of four years in this context was neither harsh nor excessive. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur; Herlihy, P. J., also concurs in the following memorandum in which Sweeney, Kane, Main and Larkin, JJ., concur. Herlihy, P. J. (concurring). The record in this case and also in the case of *People* v. *Caprio* (47 A D 2d 1) established that the public agencies and/or public officials either were well aware or should have been aware of the fact that the parents or a parent were disposed to abusing children in the home. Given such apparent knowledge it is not immediately understandable how the parental relationship should have been allowed to continue to the point where in both cases the death of a child has resulted from brutality. It would appear from these records that either the existing remedies available to terminate child abuse are inadequate or the persons responsible for enforcing such remedies are not exercising appropriate diligence. In any event, it is most unfortunate that the adults involved in these cases were permitted to continue a parental relationship until a death in fact occurred.