■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN BROWN, Appellant. [607 NYS2d 244] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered February 20, 1990, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant was charged with two counts of murder in the second degree (Penal Law § 125.25 [1], [2]). Without objection, the trial court improperly charged the jury in the conjunctive rather than in the alternative *(People v Gallagher,* 69 NY2d 525). While the jury convicted defendant of both counts, the trial court only imposed sentence under the intentional murder count.

Defendant's claim that he was denied his right to effective assistance of counsel is without merit. In light of the overwhelming evidence of defendant's intention to murder the victim by setting him on fire, and the fact that the court only sentenced defendant on the count of intentional murder, defendant failed to show that the outcome of the case would have been any different had counsel objected to the jury's verdict *(see, People v Baldi,* 54 NY2d 137). Furthermore, defendant's other claims regarding counsel's purported errors are both unsubstantiated and contradicted by defendant's own statements.

Defendant was not improperly denied counsel of his choosing. Although a defendant is constitutionally guaranteed this right, a defendant may not use it to delay judicial proceedings *(People v Smith,* 192 AD2d 310, 311, *affd* 82 NY2d 731). Furthermore, whether a continuance should be granted in this regard is within the discretion of the trial court *(supra,* at 312). Here, toward the end of the suppression hearing, defendant advised the trial court that he had made arrangements to retain new counsel. When asked his reasons for the change, defendant merely stated that he felt uncomfortable with his present counsel. Moreover, the trial court was aware that defendant had previously been granted leave to obtain substitute counsel. In light of these factors, the court did not abuse its discretion in denying defendant's request. Under the cir-

cumstances, the court made an adequate inquiry of defendant's request *(People v Sides,* 75 NY2d 822, 824).

Lastly, in light of the heinous nature of the crime, and defendant's established propensity towards violence, the court did not abuse its discretion in imposing sentence.

We have considered defendant's remaining contentions, and find them without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Wallach, JJ.