■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE BAILEY, Appellant. [637 NYS2d 759] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered June 3,1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We conclude that the defendant's right to counsel was adequately protected. As the trial court was in the best position to determine the genuineness of the defendant's objection to his attorney *(see, People v Smith,* 192 AD2d 310, *affd* 82 NY2d 731), on this record we are satisfied that the court did not improvidently exercise its discretion in denying the defendant's request for the assignment of new counsel. The defendant's request on its face failed to establish good cause for a substitution of counsel such that a meaningful inquiry was required *(see, People v Sides,* 75 NY2d 822). In any event, the court inquired into the basis for the request and was free to regard as insufficient the defendant's conclusory claim that he lacked confidence in his attorney in denying the request *(see, People v Medina,* 44 NY2d 199; *People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178).

The defendant's contention that the People failed to establish beyond a reasonable doubt that he was the person who committed the murder is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Hemphill,* 187 AD2d 728). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470. 15 [5]).

The defendant's remaining contentions are unpreserved for appellate review and we decline to review them in the exercise of our interest of justice jurisdiction. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.