■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTRONE WICKER, Appellant. [646 NYS2d 144] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered August 22, 1994, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in denying him an adjournment in order to obtain substitute counsel, as the request was made on the eve of trial, and he had a reasonable opportunity to obtain substitute counsel prior to that date *(see, People v Arroyave,* 49 NY2d 264, 271). Moreover, the defendant failed to establish good cause for a substitution of counsel such that a meaningful inquiry by the court was required *(see, People v Beriguette,* 84 NY2d 978; *People v Bailey,* 224 AD2d 435; *cf., People v Sides,* 75 NY2d 822).

The defendant contends that he was denied effective assistance of trial counsel. Considering the evidence, the law, and the circumstances of the case, we conclude that the defendant's attorney provided meaningful representation *(see, People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137). The evidence presented by the prosecution consisted of, among other things, the victim's testimony that the defendant shot him in the leg with a shotgun, the testimony of an eyewitness to the shooting, testimony from other witnesses that they saw the defendant in possession of a shotgun after the shooting, and physical evidence which established that the shotgun was fired at close range. Where, as here, the evidence of guilt is strong, ap-

pellate courts refuse to second-guess the employment of questionable or debatable trial strategies when reviewing a claim of ineffective assistance of counsel *(see, People v Sullivan,* 153 AD2d 223). Under the circumstances, the alternative defense theories developed by defense counsel amounted to, at worst, a questionable tactical decision. The remaining acts and omissions by defense counsel complained of on appeal did not render him ineffective.

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.