The defendant's contention that the trial court should have declared a mistrial based on the prosecutor's reference to the defendant's postarrest demeanor is without merit. The trial court promptly instructed the jury to strike the reference from their minds, and followed up that instruction in detail in its jury charge (*see, People v McLean,* 243 AD2d 756; *People v Adorno,* 216 AD2d 686; *People v Febo,* 200 AD2d 685). Furthermore, because the defendant declined the court's offer to give further curative instructions, any contentions related to the sufficiency of those instructions are unpreserved for appellate review (*see,* CPL 470.05 [2]).

The defendant's remaining contentions are unpreserved for appellate review. Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK GRAY, Appellant. [732 NYS2d 349] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered February 22, 2000, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor failed to provide a race-neutral explanation for his peremptory challenge of two black jurors is unpreserved for appellate review, as this argument was not raised before the trial court (*see, People v Holland,* 268 AD2d 536). In any event, the prosecutor's explanations for the two peremptory challenges satisfied his burden of providing a race-neutral explanation, and the defendant failed to satisfy his burden of proving that the explanations were pretextual (*see, People v McCargo,* 226 AD2d 480; *People v Richie,* 217 AD2d 84).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS HOLDER, Appellant. [732 NYS2d 177] —Appeal by the de-

fendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered September 14, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that he was denied the effective assistance of counsel is without merit (*see, People v Benevento,* 91 NY2d 708; *People v Flores,* 84 NY2d 184; *People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Wicker,* 229 AD2d 602; *People v Sullivan,* 153 AD2d 223).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.