The People of the State of New York, Respondent,
against
Rolando Cedeno, Appellant. 




John P. Savoca, for appellant.
Westchester County District Attorney (William C. Milaccio and Jennifer Spencer of counsel), for respondent.

Appeal from judgments of the City Court of Yonkers, Westchester County (Edward J. Gaffney, Jr., J., at pleas; Thomas R. Daly, J., at sentencing), rendered October 28, 2016. The judgments convicted defendant, upon his pleas of guilty, of petit larceny, criminal possession of a controlled substance in the seventh degree, assault in the third degree, and attempted petit larceny, respectively, and imposed sentences. The appeal from the judgment convicting defendant of assault in the third degree brings up for review an order of that court (Edward J. Gaffney, Jr., J.) denying defendant's motion to withdraw his guilty plea to that charge.




ORDERED that the judgments of conviction are affirmed.
In complete disposition of multiple accusatory instruments, defendant pleaded guilty to petit larceny (Penal Law § 155.25), in satisfaction of City Court docket No. 14-3660; criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), in satisfaction of City Court docket No. 14-4091, in which the accusatory instrument had also charged him with endangering the welfare of a child (Penal Law § 260.10); assault in the third degree (Penal Law § 120.00 [1]), in satisfaction of City Court docket No. 15-0984, in which the accusatory instrument had also charged him with resisting arrest (Penal Law § 205.30) and harassment in the second degree (Penal Law § 240.26 [1]); and attempted petit larceny (Penal Law §§ 110.00, 155.25), in satisfaction of City Court docket No. 16-0711, in which the accusatory instrument had also charged him with harassment in the second degree (Penal Law § 240.26 [1]). As part of the [*2]global plea agreement, defendant, along with his attorney and the prosecutor, executed a misdemeanor conviction waiver of rights form and an appeal waiver. Prior to sentencing, defendant moved to withdraw his guilty plea to assault in the third degree under City Court docket No. 15-0984, based upon a claim of ineffective assistance of counsel. With regard to the other guilty pleas, defendant asked to be sentenced as per the terms of the global plea agreement. The People opposed the motion. The City Court denied the motion, and defendant was thereafter sentenced in accordance with the global plea agreement. On appeal, defendant contends that his guilty pleas to all four of the charges were not knowingly, voluntarily and intelligently entered into, and that the City Court abused its discretion in denying his motion to withdraw his guilty plea to the charge of assault in the third degree.
At the outset, we note that a claim pertaining to the voluntariness of a defendant's guilty plea is a claim which survives even a valid waiver of the right to appeal, as it involves a right of constitutional dimension going to "the very heart of the process" (People v Lopez, 6 NY3d 248, 255 [2006] [internal quotation marks omitted]; see People v Bond, 146 AD3d 1155 [2017]; People v May, 138 AD3d 1146 [2016]; People v Camarda, 138 AD3d 884 [2016]; People v Ayala, 55 Misc 3d 150[A], 2017 NY Slip Op 50755[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). 
Defendant failed to move in the City Court to withdraw his guilty pleas (see CPL 220.60 [3]) or to vacate the judgments of conviction (see CPL 440.10) as to City Court docket Nos. 14-3660, 14-4091, and 16-0711, and raised a claim of ineffective assistance of counsel only in his motion to withdraw his plea under City Court docket No. 15-0984. Consequently, except as to his claim of ineffective assistance of counsel as to his plea to City Court docket No. 15-0984, defendant has failed to preserve any of the arguments he raises on appeal (see People v Williams, 27 NY3d 212 [2016]; People v Leach, 26 NY3d 1154 [2016]; People v Clermont, 58 Misc 3d 152[A], 2018 NY Slip Op 50144[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Moreover, as defendant was sentenced almost five months after he had entered his pleas of guilty, and as we find no suggestion from the allocution that those guilty pleas were improvident or baseless, the narrow exceptions to the preservation requirement do not apply here (see People v Conceicao, 26 NY3d 375 [2015]; People v Louree, 8 NY3d 541 [2007]; People v Lopez, 71 NY2d 662, 666 [1988]), and we decline to review the merits of defendant's unpreserved contentions in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]; People v Arscott, 63 Misc 3d 130[A], 2019 NY Slip Op 50410[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). 
With respect to defendant's contention pertaining to the City Court's denial of his motion to withdraw his guilty plea to the charge of assault in the third degree, we note that the question of whether a defendant should be permitted to withdraw his or her plea rests in the sound discretion of the trial court (see CPL 220.60 [3]; 340.20 [1]; People v Baret, 11 NY3d 31, 33 [2008]; People v Tinsley, 35 NY2d 926, 927 [1974]). Furthermore, while it is well settled that a defendant is entitled to the effective assistance of counsel at the plea negotiations stage (see People v Bank, 28 NY3d 131, 137 [2016]), a defendant has no constitutional right to a plea [*3]bargain (see Lafler v Cooper, 566 US 156, 180 [2012]; People v Adams, 20 NY3d 608, 613 [2013]). In the context of a guilty plea, "when a defendant receives an advantageous plea and the record does not cast doubt on the apparent effectiveness of counsel, defendant is deemed to have been furnished meaningful representation" (People v Mayes, 133 AD2d 905, 906 [1987]; see also People v Ford, 86 NY2d 397, 404 [1995]; People v Griffin, 165 AD3d 1316 [2018]; People v Boodhoo, 191 AD2d 448 [1993]). A plea bargain will also not be nullified merely on a bald claim that counsel was ineffective (see People v Sawyer, 57 NY2d 12 [1982]; People v Reed, 35 AD3d 194 [2006]; People v Smith, 192 AD2d 310 [1993], affd 82 NY2d 731 [1993]). 
Here, defendant's claim of ineffective assistance of counsel was based solely upon his self-serving and unsupported assertions (see People v Finnerty, 58 Misc 3d 145[A], 2017 NY Slip Op 51949[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Moreover, given the favorable plea agreement negotiated by assigned counsel, which substantially limited defendant's sentencing exposure and resulted in a complete disposition of at least four separate criminal dockets against defendant, and the fact that the record demonstrates that assigned counsel spoke with defendant numerous times during the extended duration of these pending matters to ensure his understanding of the proceedings, we find, under the totality of the circumstances presented in the record, that defendant was provided with meaningful representation under the New York State standard (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]; People v Vicente, 167 AD3d 951 [2018]; People v Picket, 128 AD3d 1275 [2015]; People v Grimes, 35 AD3d 882 [2006]). Although defendant did not specify whether his claim of ineffective assistance of counsel was being made under the federal or state constitutions, or both, a determination that a defendant was not denied the effective assistance of counsel under the state constitution necessitates a finding that the defendant was not denied the effective assistance of counsel under the Federal Constitution (Strickland v Washington, 466 US 668 [1984]), given that the state standard offers greater protection (see People v Caban, 5 NY3d 143, 156 [2005]). Consequently, it was not an improvident exercise of discretion for the City Court to have denied defendant's motion to withdraw his guilty plea to assault in the third degree (see People v Mourad, 13 AD3d 558 [2004]; People v Faller, 59 Misc 3d 137[A], 2018 NY Slip Op 50568[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Finnerty, 58 Misc 3d 145[A], 2017 NY Slip Op 51949[U]).
Accordingly, the judgments of conviction are affirmed.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 10, 2019