OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the plea of guilty and judgment vacated, and the case remitted to County Court for further proceedings on the indictments.
On May 1, 1985, defendant was arraigned in County Court on various counts including sodomy, sexual abuse, endangering the welfare of a child and unauthorized use of a motor vehicle. As defendant had requested, John Gilbert was assigned to represent him, and on May 15, 1985 Gilbert appeared with defendant when he entered a plea of not guilty. Defendant was later offered a plea bargain and the case was *824 adjourned until July 31, 1985 for defendant’s response. At a hearing on that date defendant announced that he wanted to dismiss Gilbert and have new counsel assigned. Gilbert, in turn, stated that "[defendant] also indicated to me * * * that he is not satisfied with my representation of him. As my discussions with him progressed it became apparent that any type of meaningful communication between us is probably dissolved at this point. I don’t think he trusts me. I am not sure I do the same with respect to him. I don’t see that I can continue to represent [defendant] in the way he wants but also in an effective capacity if in fact — because of the breakdown and inability to communicate with each other.”
The court then told defendant it was "not going to let you pick and choose between lawyers but I will relieve you of counsel which will mean that you will either have to hire a lawyer or try the case yourself.” Defendant answered that he had no money to hire a lawyer. Asserting that "[t]hat is too bad * * * [yjou’re not going to pick and choose between lawyers,” County Court ruled that if defendant did not plead guilty the plea offer would be revoked. Defendant then stated that he would plead guilty "if John Gilbert would still want to represent me, but I don’t want to go to trial without an attorney.” After conferring with Gilbert, defendant ultimately accepted the plea bargain and was sentenced accordingly. On appeal defendant contends that County Court’s failure to conduct any inquiry after he complained about the adequacy of counsel violated his State and Federal constitutional right to counsel.
The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant’s option (see, People v Sawyer, 57 NY2d 12, 18-19). Nevertheless, the right to be represented by counsel of one’s own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing "good cause for a substitution,” such as a conflict of interest or other irreconcilable conflict with counsel (People v Medina, 44 NY2d 199, 207). Such requests may not be used merely to delay the orderly administration of justice, and while they are not to be granted casually the trial court in exercising its discretion to grant or deny must carefully evaluate seemingly serious requests in order to ascertain whether there is indeed good cause for substitution.
On this record, we conclude that defendant’s right to counsel was not adequately protected. Defendant’s request on its *825 face Suggested a serious possibility of irreconcilable conflict with his lawyer, as evidenced by the acknowledgement of counsel that a complete breakdown of communication and lack of trust had developed in their relationship. That being so, the trial court was obliged to make some minimal inquiry and it erred by failing to ask even a single question about the nature of the disagreement or its potential for resolution. The court might well have found upon limited inquiry that defendant’s request was without genuine basis, but it could not so .summarily dismiss this request (compare, People v Medina, 44 NY2d, at 205-207, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, plea of guilty and judgment vacated and case remitted to Ontario County Court for further proceedings on the indictments in a memorandum.