■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ALLEN, Appellant.—Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered May 14, 1987, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence, and (2) by permission, from an order of the same court, dated December 20, 1988, which, after a hearing,

denied his motion, pursuant to CPL 440.10 and 440.20, to vacate the judgment of conviction and sentence.

Ordered that the judgment and order are affirmed.

The record does not support the defendant's claim that his plea was the result of the Supreme Court's summary denial of his *pro se* motion for a reassignment of trial counsel *(cf., People v Sides,* 75 NY2d 822). Prior to the acceptance of his plea, the defendant specifically acknowledged that he was satisfied with his assigned counsel's representation. Contrary to the defendant's further contention, upon denying the defendant's specific request for new counsel, the trial court was not required to *sua sponte* inform him of his right to proceed *pro se (see, People v McIntyre,* 36 NY2d 10, 17; *United States ex rel. Maldonado v Denno,* 348 F2d 12, 15).

In addition, the record does not support the defendant's claim that he is entitled to vacatur of his guilty plea on the grounds of coercion and ineffective assistance of trial counsel. The Supreme Court, after conducting a full evidentiary hearing, properly found that the defendant had not met his burden of establishing that his plea was the result of his trial counsel's ineffective assistance or coercion.

We find no merit to the defendant's contention that his sentence should be vacated because he was not given an opportunity to make a statement in his own behalf prior to its imposition. In his postjudgment motion papers and at the hearing, he conceded that he did make a statement, but claimed that the court stenographer had only transcribed part of his statement. However, even assuming that the defendant made an untranscribed statement, it would not warrant vacatur of his sentence, which was the mandatory minimum term (Penal Law § 70.04 [3] [a]), and was agreed upon during plea negotiations.

The defendant's other contentions are without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.