■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PORTER, Appellant. [632 NYS2d 205] —Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered July 26, 1994, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At sentencing, the defendant moved to have assigned counsel relieved on the ground that she had participated in his prosecution in two prior unrelated cases and that her current representation of him would accordingly constitute a conflict of

interest on her part. The defendant claims on appeal that the court erred in denying the motion. We disagree.

The facts cited by the defendant do not indicate the existence of irreconcilable conflict with his assigned counsel in regard to the instant matter (cf., People v Sides, 75 NY2d 822). Moreover, the defendant's claim is belied by his statement at the plea proceeding that he had no objection to his assigned counsel representing him in the instant matter notwithstanding her limited participation in prosecuting him on two occasions in the past. Therefore, the defendant's representation by his assigned counsel at sentencing did not constitute ineffective assistance of counsel.

The remaining claims which the defendant raises on appeal were either waived by the general waiver of appeal rights which he executed (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1) or are unpreserved for appellate review (see, People v Pellegrino, 60 NY2d 636). Mangano, P. J., Miller, Santucci and Hart, JJ., concur.