■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DAVIS, Also Known as MICHAEL THOMAS, Appellant. [649 NYS2d 434] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered November 30, 1992, convicting defendant, upon his pleas of guilty, of attempted murder in the second degree under indictment 8741/91 and of criminal possession of a weapon in the third degree under indictment 9065/91, and sentencing him, as a mandatory persistent violent felony offender, to concurrent terms of 10 years to life and 6 years to life, respectively, unanimously affirmed.

Testimony by a police officer that defendant held out a bag and exclaimed that "it was just marijuana", when the police officer stopped his car after observing the vehicle "stop and go" and "lunge back and forth" in a manner that suggested that defendant might not know how to drive, was not incredible as a matter of law (see, People v Terry, 155 AD2d 391, lv denied 75 NY2d 818). Defendant's claim that there was no reasonable suspicion for the stop is unpreserved, defendant having challenged the stop on only probable cause grounds, and we decline to review it in the interest of justice. Were we to review it, we would find that defendant's erratic driving provided a reasonable basis for stopping him to determine whether he had a driver's license (People v Alston, 195 AD2d 396, 397).

Also unpreserved is defendant's pro se claim that the court should have granted his mid-trial motion for either the assignment of new counsel or the substitution of retained counsel, who was then out of the country (People v Anderson, 207 AD2d 746), and we decline to review it in the interest of justice. In any event, defendant failed to demonstrate any good cause for the substitution (People v Sides, 75 NY2d 822, 824).

Absent an application to withdraw defendant's plea of guilty, the court had no obligation to make any inquiry concerning defendant's post-plea exculpatory statements. Concur—Sullivan, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.