■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HANKERSON, Appellant. [758 NYS2d 811] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered October 9, 2001, convicting defendant, upon his plea of guilty, of assault in the second degree and attempted abortion in the first degree, and sentencing him to concurrent terms of two years and one year, respectively, unanimously affirmed.

Although defendant waived his right to appeal, his claims are reviewable to the extent they affect the voluntariness of his plea (*see People v Seaberg,* 74 NY2d 1, 10 [1989]). However, we find these claims to be unavailing.

Contrary to defendant's contention that the court improperly denied his motion for reassignment of counsel, this motion was never denied by the court, but rather, defendant chose to withdraw his motion and proceed with his guilty plea. Moreover, when defendant, later in the plea proceeding, complained that he would have liked to have received another lawyer, the court offered to assign another lawyer, but defendant refused the court's offer. In any event, defendant failed to demonstrate good cause for a substitution (*see People v Sides,* 75 NY2d 822, 824 [1990]).

Defendant received effective assistance throughout the plea and sentencing proceedings (*see People v Ford,* 86 NY2d 397, 404 [1995]; *People v Benevento,* 91 NY2d 708, 712 [1998]). In connection with defendant's application for new counsel, which, as noted, was withdrawn in any event, defense counsel did not take a position that was adverse to his client (*see People v Rodriguez,* 251 AD2d 259 [1998], *lv denied* 92 NY2d 904 [1998]), and there was no prejudicial conflict of interest.

The record establishes that defendant's plea was knowing, intelligent and voluntary (*see People v Fiumefreddo,* 82 NY2d 536, 543 [1993]). Concur—Nardelli, J.P., Sullivan, Rosenberger, Wallach and Gonzalez, JJ.