■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO LEON, Appellant. [770 NYS2d 617]—

Judgment, Supreme Court, New York County (Arlene Goldberg, J., on motion for reassignment of counsel; Joan Sudolnik, J., at jury trial and sentence), rendered March 2, 2001, convict-

ing defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's pretrial motion for substitution of assigned counsel, since he failed to establish good cause (*see People v Sides*, 75 NY2d 822 [1990]). We note that on appeal defendant raises no issue as to counsel's effectiveness. "Defendant's unjustified hostility toward, and refusal to communicate with, his counsel did not constitute good cause" (*People v Merritt*, 260 AD2d 319 [1999], *lv denied* 93 NY2d 1023 [1999], citing *People v Sawyer*, 57 NY2d 12, 19 [1982], *cert denied* 459 US 1178 [1983]; *People v Medina*, 44 NY2d 199, 208-209 [1978]).

Even if we were to infer from the colloquy concerning a readback of testimony that the readback went beyond the jury's request to the extent defendant asserts, we would find that defendant was not prejudiced (*see People v Lourido*, 70 NY2d 428, 435 [1987]; *People v Mariera*, 219 AD2d 496 [1995], *lv denied* 87 NY2d 923 [1996]). Concur—Buckley, P.J., Mazzarelli, Saxe, Sullivan and Rosenberger, JJ.