■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE SILVA, Appellant. [790 NYS2d 436]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered July 8, 2002, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, unlawful possession of marijuana, criminal possession of a weapon in the third degree, and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of 5 to 10 years, unanimously affirmed.

The court properly determined that no good cause existed for a substitution of counsel during jury selection (*see People v Sides*, 75 NY2d 822, 824 [1990]). Defendant had ample opportunity to be heard, but never elaborated upon his conclusory complaints about his attorney. No conflict existed other than that created by defendant (*see People v Linares*, 2 NY3d 507 [2004]). Although the various colloquies concerning the issue of substitution reflected acrimony between defendant and his attorney, defendant was clearly the source of this acrimony. Furthermore, the attorney, who joined in defendant's request for substitution of counsel, did not make any statements to the court or take any actions that adversely impacted defendant's interests. Counsel vigorously defended defendant at trial, and there is no evidence that her relationship with defendant had any adverse effect on her conduct of the defense. Accordingly, defendant was not deprived of his right to conflict-free representation (*see Cuyler v Sullivan*, 446 US 335, 348-350 [1980]).

We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Catterson, JJ.