■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RODRIGUEZ, Appellant. [848 NYS2d 94]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J., at summary denial of *Mapp/Dunaway* motion; William A. Wetzel, J., at jury trial and sentence), rendered April 25, 2005, convicting defendant of robbery in the first and second degrees (three counts each), burglary in the first and second degrees and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 20 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant is entitled to a new trial because the court improperly denied his request for substitution of counsel without conducting an inquiry or permitting defendant to explain why he wanted a different lawyer. Shortly before jury selection, defendant interrupted a discussion of discovery matters by stating "I don't want this lawyer." The trial court immediately admonished defendant for interrupting and emphatically informed him there would be no reassignment of counsel, citing the facts that defendant had already had two such substitutions and that the case was ready for trial. The court stated it would not discuss this subject further, and concluded by asking defendant if he had "any questions?"

The timing of defendant's request and his history of changing attorneys were important considerations, and the request may well have been a frivolous delaying tactic. Nevertheless, the court had no basis to completely cut off the discussion without hearing any explanation (*see People v Sides*, 75 NY2d 822 [1990]; *People v Bryan*, 31 AD3d 295 [2006]). Indeed, the court had at a minimum the obligation to determine whether defendant had any valid reason to request a new attorney. The court clearly understood defendant's interruption to be an application for new counsel and unequivocally denied it. Under these circumstances, defendant was under no obligation to pursue his application any further (*see People v Mezon*, 80 NY2d 155, 161 [1992]). Finally, when the court asked defendant if he had any questions, this did not, given the context, offer defendant an opportunity to elaborate on his request for new counsel.

On remand, defendant is not entitled to a *Mapp/Dunaway* hearing. Before the motion court, defendant failed to raise a factual issue regarding the legality of his arrest. On appeal, defendant asserts that the court improperly denied the motion on

the ground of lack of standing (*see People v Burton*, 6 NY3d 584 [2006]). However, the motion court's decision did not articulate that basis, and the People did not oppose the motion on that ground.

The fact that defense counsel did not move to reopen the *Wade* hearing based on evidence developed at trial did not deprive defendant of effective assistance. We express no opinion on the merits of any CPL 710.40 (4) application that might be made prior to retrial.

To the extent that defendant's pro se supplemental brief can be interpreted as challenging the sufficiency and weight of the evidence or the validity of the indictment, those claims are without merit. Our remand for a new trial renders his other pro se claims academic. Concur—Lippman, P.J., Marlow, Williams and Gonzalez, JJ.