■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD BRANHAM, Appellant. [873 NYS2d 280]—

Judgment, Supreme Court, New York County (Renee A.

White, J.), rendered May 29, 2007, convicting defendant, upon his plea of guilty, of four counts of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings.

The court improperly denied defendant's request for substitution of counsel without giving defendant any opportunity to explain why he wanted a different lawyer. At the outset of a suppression hearing, defendant requested to address the court, which refused to permit him to be heard. Defendant managed to advise the court of his belief that he and his attorney had a "conflict of interest," but the court stated it was "not taking that application." Thus the court evinced its understanding that defendant was asking for new counsel, but expressly denied that application and refused to permit defendant to provide any details. Even though the request for new counsel may well have been a delaying tactic, and even though the "conflict" may well have been defendant's unjustified dissatisfaction with his attorney, the court had no basis to deny the application without hearing any explanation (*see People v Sides*, 75 NY2d 822 [1990]; *People v Rodriguez*, 46 AD3d 396 [2007], *lv denied* 10 NY3d 844 [2008]; *People v Bryan*, 31 AD3d 295 [2006]).

Moreover, at sentencing, the court should have made further inquiry before denying defendant's pro se motion to withdraw his plea. Although the motion consisted of boilerplate, it contained an allegation that the plea was involuntary because defendant was unaware he had a valid defense to the charges. Under the circumstances of the case, this claim had sufficient substance to at least warrant some inquiry (*compare People v Frederick*, 45 NY2d 520 [1978]). Although defendant pleaded guilty to four counts of first-degree robbery under Penal Law § 160.15 (4), his plea allocution raised an affirmative defense under that section when he stated that he had simulated a firearm (*see People v Pariante*, 283 AD2d 345 [2001]). In addition, use of a simulated firearm was apparently the People's theory of the case, as indicated by the suppression hearing testimony. Finally, we also note that defense counsel inappropriately disparaged defendant's plea withdrawal motion (*People v Vasquez*, 70 NY2d 1 [1987]). Concur—Friedman, J.P., Gonzalez, Buckley and Renwick, JJ.