# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**80**

**KA 08-01360**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

SHARIFF JONES, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SARAH M. KELLY, JAMES P. MAXWELL, OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 29, 2008. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that the evidence is not legally sufficient to support the conviction. Defendant failed to move for a trial order of dismissal on the ground that the evidence concerning his mental culpability and intent was legally insufficient, and thus he failed to preserve that part of his contention for our review (*see People v Hawkins*, 11 NY3d 484, 492; *People v Gray*, 86 NY2d 10, 19). Although defendant preserved for our review his contention concerning the issue of identity, we conclude that the evidence with respect thereto, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).

To the extent that defendant contends that hearsay was improperly admitted in evidence at trial and that such hearsay bolstered the People's case, that contention is not preserved for our review with respect to the testimony of the two police detectives who were not undercover (*see People v Thomas*, 85 AD3d 1572, 1573; *People v Velsor*, 73 AD3d 819, *lv denied* 15 NY3d 810). We decline to exercise our power to review that contention as a matter of discretion in the interest of

justice (*see* CPL 470.15 [6] [a]).  Although defendant preserved for our review his contention that the testimony of one of the undercover detectives constituted hearsay, Supreme Court did not abuse its discretion in determining that the testimony in question was not offered for its truth, and we will not disturb that determination (*see generally People v Carroll*, 95 NY2d 375, 385).  Defendant did not preserve for our review his contention that the testimony of that undercover detective constituted improper bolstering (*see Thomas*, 85 AD3d at 1573).  Defendant also failed to preserve for our review his contention that he was denied his right of confrontation (*see People v Kello*, 96 NY2d 740, 743-744), as well as his contention that the court erred in permitting the prosecutor to make improper statements during summation (*see People v Kithcart*, 85 AD3d 1558, 1559-1560, *lv denied* 17 NY3d 818).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court