# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**464**

**KA 10-01872**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                         V                              MEMORANDUM AND ORDER

JOSE LATORRE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (STEPHEN J. DILORENZO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered September 8, 2010. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. The issue of legal sufficiency is preserved for our review regarding the evidence of identification because that was the basis of defendant's motion for a trial order of dismissal after the People presented their proof. Defendant failed, however, to preserve for our review his further contention concerning the alleged legal insufficiency of the evidence of intent, inasmuch as defense counsel did not address the issue of intent in his motion for a trial order of dismissal (*see generally People v Gray*, 86 NY2d 10, 19). With respect to the legal sufficiency of the identification evidence, we note that reversal is warranted "where the testimony is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Wallace*, 306 AD2d 802, 802-803 [internal quotation marks omitted]). We conclude that the evidence of identification in this case, although largely circumstantial, is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at

495; *People v Flagg*, 59 AD3d 1003, 1004, *lv denied* 12 NY3d 853).  We
further reject defendant's contention that defense counsel was
ineffective for failing to request that Supreme Court charge a lesser
included offense (*see People v Calderon*, 66 AD3d 314, 320, *lv denied*
13 NY3d 858).  Finally, the sentence is not unduly harsh or severe.

Entered:  April 20, 2012                              Frances E. Cafarell
                                                      Clerk of the Court