# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1099

KA 10-01864

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JAMES BEARD, ALSO KNOWN AS "POPS,"
DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 9, 2010. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]), defendant contends that the evidence is legally insufficient to support his conviction. Defendant contends that the People failed to establish that he had constructive possession of the controlled substance (drugs) because there is no evidence that he controlled the premises where the drugs were sold or that he exercised control over the unknown suspect who participated in the drug sales. That contention is unpreserved for our review inasmuch as it was not specifically raised in support of defendant's motion for a trial order of dismissal (*see People v Latorre*, 94 AD3d 1429, 1429-1430, *lv denied* 19 NY3d 998; *People v Jones*, 92 AD3d 1218, 1218, *lv denied* 19 NY3d 962; *see generally People v Gray*, 86 NY2d 10, 19). In any event, that contention lacks merit because the evidence is legally sufficient to establish that defendant "exercised 'dominion or control' over the [drugs] by a sufficient level of control . . . over the [unknown suspect] from whom the [drugs were] seized" (*People v Manini*, 79 NY2d 561, 573, quoting Penal Law § 10.00 [8]; *see* Penal Law § 220.39). There is likewise no merit to defendant's further contention, which is preserved for our review, that the evidence is legally insufficient to

establish defendant's identity (*see Jones*, 92 AD3d at 1218). "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [jury] on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678 [internal quotation marks omitted]; *see generally People v Bleakley*, 69 NY2d 490, 495). Here, we conclude that the trial evidence, although largely circumstantial, could lead a rational person to conclude that defendant was the individual who arranged the drug sales (*see Latorre*, 94 AD3d at 1430; *Jones*, 92 AD3d at 1218). Further, although a different result would not have been unreasonable (*see People v Danielson*, 9 NY3d 342, 348; *Bleakley*, 69 NY2d at 495), we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see Danielson*, 9 NY3d at 349), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that he is entitled to a new trial because County Court violated his right to counsel. "Under our State and Federal Constitutions, an indigent defendant in a criminal case is guaranteed the right to counsel" (*People v Medina*, 44 NY2d 199, 207; *see* US Const, 6th Amend; NY Const, art I, § 6; *People v Linares*, 2 NY3d 507, 510). That "right does not begin and end with the assignment of counsel" (*Linares*, 2 NY3d at 510). Rather, trial courts bear the "ongoing duty" to " 'carefully evaluate serious complaints about counsel' " (*id.* at 510, quoting *Medina*, 44 NY2d at 207; *see People v Sides*, 75 NY2d 822, 824). Although "[t]he right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option[,] . . . the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing 'good cause for a substitution' " (*Sides*, 75 NY2d at 824, quoting *Medina*, 44 NY2d at 207). Thus, trial courts are obligated to conduct, at the very least, a " 'minimal inquiry' " when a defendant voices " 'seemingly serious' " complaints about his or her assigned defense counsel (*People v Porto*, 16 NY3d 93, 100, quoting *Sides*, 75 NY2d at 824-825).

Here, we conclude that defendant articulated complaints about his assigned counsel that were sufficiently serious to trigger the court's duty to engage in an inquiry regarding those complaints (*see Sides*, 75 NY2d at 824-825). Before jury selection, defendant advised the court that he was not comfortable proceeding with his assigned attorney because he had never spoken to the attorney before that time, he had not been informed that his trial was commencing that day, and he had not been informed of certain pretrial hearings conducted in his absence. The court interrupted defendant and engaged in an off-the-record discussion with the attorneys. Thereafter, the court explained to defendant that the trial was "going to have to go forward" with his assigned counsel because "[t]he District Attorney's Office has brought up a confidential witness all the way from the State of Texas and

they're ready to go today," the District Attorney's office had "spent a lot of money" to secure the confidential witness, and there were 50 prospective jurors in the courthouse.  The court then proceeded to explain the jury selection process and, when the court asked defendant whether he would permit defense counsel to handle certain juror issues at the bench, outside of defendant's presence, defendant reiterated that he did not "feel comfortable" with defense counsel.  The court replied that "if [defendant could] afford to hire [his] own attorney, [he could] do so, but if [he could not] afford to do that, then the Public Defender's Office . . . has designated [defense counsel] as [his] trial attorney and so [defense counsel would] be [his] trial attorney."

Defendant's allegations——in particular, the allegation that he had never previously spoken to his assigned counsel and that he was unaware his trial was commencing that day——are serious on their face and should not have been "summarily dismiss[ed]" by the court, especially in light of the fact that defendant's allegations are either supported by or uncontradicted by the record (*Sides*, 75 NY2d at 825; *cf. People v Augustine*, 89 AD3d 1238, 1240-1241, *lv denied* 19 NY3d 957).  Indeed, the record established that an assistant public defender other than defendant's assigned counsel met with defendant before trial and reviewed with him critical evidence, i.e., the police surveillance videotapes, prepared an extensive omnibus motion, and argued the motion.  Additionally, the record does not contradict defendant's allegations that he was not apprised of a change in the trial date and that a hearing was conducted in his absence.  Specifically, although the record establishes that defendant was present when the court initially scheduled the trial date, there is no evidence that he subsequently received notice of the change in the trial date.  Moreover, the minutes of the court clerk indicate that an audibility hearing was held, but no transcript of that proceeding is included in the record.  Thus, there is no evidence that defendant was present at that hearing.

We therefore conclude, based on the record before us, that the court violated defendant's fundamental right to counsel by failing to make any inquiry concerning his serious complaints regarding his assigned counsel (*see Sides*, 75 NY2d at 824-825; *cf. People v Haith*, 44 AD3d 369, 370, *lv denied* 9 NY3d 1034; *People v Reese*, 23 AD3d 1034, 1035, *lv denied* 6 NY3d 779; *People v England*, 19 AD3d 154, 154-155, *lv denied* 5 NY3d 805).  The court did not, for example, ask defendant to explain his position or ask defense counsel, on the record, to address defendant's allegations that they had never met or that defendant had not been advised of the new trial date.  Instead, as noted above, the court advised defendant that the trial would proceed with his assigned counsel because the District Attorney's office had arranged for the appearance of a confidential witness, who had traveled from Texas, and prospective jurors were waiting.  While "[t]he court might well have found upon limited inquiry that defendant's [complaints regarding his assigned counsel were] without genuine basis, . . . it could not so summarily dismiss [his complaints]" (*Sides*, 75 NY2d at 825; *see People v Graham*, 169 AD2d 512, 512-513, *lv denied* 77 NY2d 906; *see generally People v Branham*, 59 AD3d 244, 245; *People v Rodriguez*, 46 AD3d 396,

397, *lv denied* 10 NY3d 844).

We reject the People's contention that the court had no duty to conduct an inquiry regarding defendant's complaints because his assertions were "conclusory" (*cf. People v Watkins*, 77 AD3d 1403, 1404, *lv denied* 15 NY3d 956).  To the contrary, defendant's complaints were highly specific and factual in nature.  Additionally, we note that the court failed to give defendant an opportunity to explain his complaints.  Indeed, the court cut defendant off, admonished him not to interrupt, and advised him that, unless he could afford to hire his own attorney, there would be no substitution of counsel (*see Branham*, 59 AD3d at 245; *Rodriguez*, 46 AD3d at 397; *cf. People v Rodriguez*, 166 AD2d 903, 904, *lv denied* 77 NY2d 910).

In light of our conclusion, there is no need to address defendant's remaining contentions.

Entered:  November 16, 2012                  Frances E. Cafarell
                                             Clerk of the Court