# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1054
KA 11-00919
PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

OSCAR A. ARANDA, DEFENDANT-APPELLANT.

MULDOON & GETZ, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered April 29, 2011. The judgment convicted defendant, upon a nonjury verdict, of predatory sexual assault against a child and sexual abuse in the first degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of predatory sexual assault against a child (Penal Law § 130.96) and three counts of sexual abuse in the first degree (§ 130.65 [3]). Defendant failed to preserve for our review his contention that his statement to the victim's stepfather was inadmissible hearsay and did not fall within the admission exception to the hearsay rule (*see* CPL 470.05 [2]; *see generally People v Jones*, 92 AD3d 1218, 1218, *lv denied* 19 NY3d 962), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's further contention that defense counsel's failure to object to that testimony constituted ineffective assistance of counsel. Defendant's statement was indeed an admission (*see People v Ward*, 107 AD3d 1605, 1605; *see also* Jerome Prince, Richardson on Evidence § 8-204 [Farrell 11th ed 1995]), and thus there was little or no chance that the objection would have been sustained (*see generally People v Lewis*, 67 AD3d 1396, 1396, *lv denied* 14 NY3d 772). Finally, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).

Entered: November 8, 2013                    Frances E. Cafarell
                                             Clerk of the Court