Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered August 7, 2013, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree, and sentencing him to an aggregate term of 19 years, unanimously affirmed.
Defendant was not deprived of his right to conflict-free counsel. The court providently exercised its discretion in denying defendant’s motion to substitute counsel, as defendant’s conclusory assertions that he lacked confidence in his attorney, and did not know what the defense strategy would be, did not establish good cause, particularly when the motion was made *554 on the eve of trial, after counsel had been representing defendant for approximately a year (see People v Linares, 2 NY3d 507 [2004] ). Defense counsel’s brief comments to the court describing his extensive investigation and communications with defendant did not create a conflict of interest, as counsel joined in defendant’s motion and made no statements adverse to defendant’s interests (see People v Nelson, 27 AD3d 287 [1st Dept 2006], affd 7 NY3d 883 [2006]; People v Quintana, 15 AD3d 299 [1st Dept 2005], lv denied 4 NY3d 856 [2005]; People v Silva, 15 AD3d 263 [1st Dept 2005], lv denied 4 NY3d 857 [2005] ). Moreover, at the plea proceeding itself, defendant stated that he was satisfied with his counsel’s performance, that he was pleading guilty voluntarily, and that his lawyer had not convinced him to plead guilty against his will.
The court properly denied defendant’s motion to withdraw his guilty plea. At sentencing, defendant asserted that when he pleaded guilty he was under the influence of PCP that was allegedly smuggled into his place of incarceration. The record supports the court’s determination that this claim, which did not appear in defendant’s written plea withdrawal motion, was incredible and contradicted by the court’s observations and defendant’s responses during the plea proceeding (see People v Bess, 299 AD2d 263 [1st Dept 2002], lv denied 99 NY2d 580 [2003]).
Defendant made a valid and enforceable waiver of his right to appeal. The court discussed the waiver in detail and sufficiently ensured that defendant understood that the right to appeal is separate and distinct from the other rights automatically forfeited by pleading guilty (see People v Lopez, 6 NY3d 248 [2006]). The court also confirmed that defendant discussed the waiver with defense counsel, and defendant signed a written waiver confirming that fact.
The waiver forecloses review of defendant’s excessive sentence claim. As an alternative holding, we perceive no basis for reducing the sentence.
Concur — Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.