People v Hampton (2019 NY Slip Op 00398)





People v Hampton


2019 NY Slip Op 00398


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Richter, Tom, Kern, Singh, JJ.


8176 4176/16

[*1]The People of the State of New York, Respondent,
v
Corvall Hampton, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Brittany N. Francis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J. at request for new counsel; Anthony J. Ferrara, J. at plea and sentencing), rendered September 15, 2017, convicting defendant of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.
A court's duty to consider a request for new counsel is invoked when a defendant makes a "seemingly serious request[ ]" (People v Sides, 75 NY2d 822, 824 [1990]). If a defendant makes specific factual allegations of serious complaints about counsel, the court must make at least a minimal inquiry about the nature of the conflict or its potential for resolution (see People v Porto, 16 NY3d 93, 100 [2010]; Sides, 75 NY2d at 825). "Upon such a review, counsel may be substituted only where good cause' is shown" (Porto, 16 NY3d at 100).
Here, the record reflects that the court provided defendant an adequate opportunity to state his reasons for substitution, and then providently exercised its discretion in denying defendant's request for reassignment of counsel after conducting the required inquiry (see Porto, 16 NY3d at 99; People v Rahman, 129 AD3d 553 [1st Dept 2015], lv denied 26 NY3d 933 [2015]).
Just prior to trial, at a hearing on August 1, 2017, defense counsel informed the court that defendant wanted new counsel. The court asked defendant "if he wanted to be heard on [the substitution]." When defendant expressed that he did not feel like his attorney was "fighting for a defense for [him]," the court reviewed the proceedings to demonstrate to defendant the work his counsel had done on his behalf. Defendant responded by again requesting a new attorney, as he felt he was not adequately informed by his attorney about the proceedings. The court then assured defendant that his attorney would communicate with him, and directed defense counsel to ensure adequate communication.
Defendant's allegations regarding the deterioration of his relationship with counsel, and defense counsel's contention that the relationship was "almost adversarial," did not compel the court to substitute counsel (see People v Rodriguez, 161 AD3d 513 [1st Dept 2018], lv denied 32 NY3d 941 [2018]), as "vague conclusory allegation[s] of frustration' . . . certainly d[o] not warrant" a substitution (Porto, 16 NY3d 93, 101 [2010] [citing People v Medina, 44 NY2d 199, 208 [1978] ["tensions between client and counsel" are not good cause]).
Lastly, we note that approximately two weeks later, at the plea hearing held on August 14, 2017, defendant was asked by the court if he was "satisfied with the services [he] received from [defense counsel]" and if defense counsel "answered all of [his] questions to [his] satisfaction." Defendant answered both in the affirmative, further indicating that the August 1, 2017 colloquy had resolved any conflict between defendant and his assigned counsel, and accepted the plea (see Rahman, 129 AD3d at 554; see also People v Kates, 162 AD3d 1627, [*2]1629 [4th Dept 2018] [by deciding to plead guilty while still being represented by the same attorney, defendant "abandoned his request for new counsel"]).
Defendant's remaining contentions are without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK