People v Jones (2019 NY Slip Op 04543)





People v Jones


2019 NY Slip Op 04543


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


120 KA 15-00162

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TODD JONES, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered November 20, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of burglary in the first degree (Penal Law
§ 140.30 [4]). We agree with defendant that he is entitled to vacatur of his guilty plea because County Court violated his right to counsel when it failed to conduct a sufficient inquiry into his complaint regarding defense counsel's representation of him. "Under our State and Federal Constitutions, an indigent defendant in a criminal case is guaranteed the right to counsel" (People v Medina, 44 NY2d 199, 207 [1978]; see US Const, 6th Amend; NY Const, art I, § 6; People v Linares, 2 NY3d 507, 510 [2004]). Consistent with that guarantee, trial courts have the "ongoing duty" to " carefully evaluate serious complaints about counsel' " (Linares, 2 NY3d at 510, quoting Medina, 44 NY2d at 207; see People v Sides, 75 NY2d 822, 824 [1990]).
Whether to grant a defendant's request to substitute counsel is "within the discretion and responsibility' of the trial judge" (People v Porto, 16 NY3d 93, 99 [2010], quoting Medina, 44 NY2d at 207), and "a court's duty to consider such a motion is invoked only where a defendant makes a seemingly serious request[ ]' " (id. at 99-100, quoting Sides, 75 NY2d at 824). It is therefore "incumbent upon a defendant to make specific factual allegations of serious complaints about counsel' " (id. at 100, quoting Medina, 44 NY2d at 207). If a defendant makes such a showing, "the court must make at least a minimal inquiry,' and discern meritorious complaints from disingenuous applications by inquiring as to the nature of the disagreement [with counsel] or its potential for resolution' " (id., quoting Sides, 75 NY2d at 825).
Here, during the plea colloquy, defendant attempted to inform the court that he was pleading guilty only because he was not receiving effective assistance of counsel. Although vague and conclusory complaints about counsel generally are insufficient to trigger the court's duty to make an inquiry (see People v Chess, 162 AD3d 1577, 1578-1579 [4th Dept 2018]; People v Watkins, 77 AD3d 1403, 1404 [4th Dept 2010], lv denied 15 NY3d 956 [2010]), the court here "failed to provide defendant with an opportunity to explain his complaints" (People v Tucker, 139 AD3d 1399, 1400 [4th Dept 2016]; see People v Beard, 100 AD3d 1508, 1512 [4th Dept 2012]; People v Branham, 59 AD3d 244, 245 [1st Dept 2009]; see also Sides, 75 NY2d at 824-825). The court refused to accept defendant's pro se letter regarding the matter and did not otherwise allow defendant to expand upon his claim of ineffective assistance of counsel. Defendant's "request may well have been a frivolous delaying tactic" (People v Rodriguez, 46 [*2]AD3d 396, 397 [1st Dept 2007], lv denied 10 NY3d 844 [2008]). Nevertheless, we conclude that the court had "no basis to completely cut off the discussion without hearing any explanation" (id.). A "defendant must at least be given an opportunity to state the basis for his [or her] application" (People v Bryan, 31 AD3d 295, 296 [1st Dept 2006]).
Moreover, under the facts of this case, we reject the People's contention that defendant abandoned his request when he decided to plead guilty while still represented by the same attorney. After refusing to allow defendant to articulate his complaints about defense counsel, the court essentially gave defendant an ultimatum: plead guilty with present counsel or proceed to trial with present counsel (cf. People v Ocasio, 81 AD3d 1469, 1470 [4th Dept 2011], lv denied 16 NY3d 898 [2011], cert denied 565 US 910 [2011]; People v Hobart, 286 AD2d 916, 916 [4th Dept 2001], lv denied 97 NY2d 683 [2001]). The People also contend that defendant's challenge to the court's denial of his implicit request for substitution of counsel is foreclosed by his guilty plea. We reject that contention because, for the reasons discussed herein, defendant's contention "implicates the voluntariness of the plea" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012] [internal quotation marks omitted]).
Based upon the foregoing, the judgment should be reversed and the plea vacated (see Sides, 75 NY2d at 825; Branham, 59 AD3d at 245). In light of our conclusion, there is no need to address defendant's remaining contentions.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court