People v Edwards (2019 NY Slip Op 04537)





People v Edwards


2019 NY Slip Op 04537


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


75 KA 16-00844

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARQUAN EDWARDS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 20, 2015. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree, robbery in the first degree (two counts), assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one through five, seven and eight of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vii]; [b]) and assault in the first degree (§ 120.10 [1]). Viewing the evidence in light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that his conviction of attempted murder in the first degree and assault in the first degree is against the weight of the evidence with respect to the element of intent (see People v Torres, 136 AD3d 1329, 1330 [4th Dept 2016], lv denied 28 NY3d 937 [2016], cert denied — US &mdash, 137 S Ct 661 [2017]; People v Lopez, 96 AD3d 1621, 1622 [4th Dept 2012], lv denied 19 NY3d 998 [2012]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that he is entitled to a new trial because Supreme Court violated his right to counsel. Although "[t]he right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option[,] . . . the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing good cause for a substitution' " (People v Sides, 75 NY2d 822, 824 [1990]). Thus, trial courts are required to conduct at least a " minimal inquiry' " when a defendant voices " seemingly serious' " complaints about his or her assigned defense counsel (People v Porto, 16 NY3d 93, 100 [2010], quoting Sides, 75 NY2d at 824-825).
Here, we conclude that defendant "articulated complaints about his assigned counsel that were sufficiently serious to trigger the court's duty to engage in an inquiry regarding those complaints" (People v Beard, 100 AD3d 1508, 1510 [4th Dept 2012]). At a pretrial appearance, defendant requested that the court assign him new counsel because, among other things, defense counsel had failed to file discovery demands and omnibus motions. After defendant's request, defense counsel erroneously stated, "[t]hose were filed already," and the court stated, "I have them here. I'm holding them in my hand." However, the People concede that, although certain discovery demands were served on the People, defense counsel never filed any omnibus motions.
Upon being told that omnibus motions had been filed, defendant informed the court that he had never received them. The court replied, "Well, that's a different issue, okay? So you've [*2]got to get a copy of your paperwork, all right? What else?" The court never conducted an inquiry into defendant's serious complaint that defense counsel failed to file any omnibus motions and, instead, proceeded under the mistaken belief that they had been filed. Although "[t]he court might well have found upon limited inquiry that defendant's request was without genuine basis, . . . it could not so summarily dismiss th[at] request" based on a mistaken belief that omnibus motions had been filed (Sides, 75 NY2d at 825). Thus, we conclude that the court violated defendant's right to counsel by failing to make a minimal inquiry concerning his serious complaint, and we therefore reverse the judgment and grant a new trial on counts one through five, seven and eight of the indictment (see Beard, 100 AD3d at 1511-1512).
In light of our determination, we do not address defendant's remaining contentions.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court