People v Hernandez-Molina (2023 NY Slip Op 04732)

People v Hernandez-Molina

2023 NY Slip Op 04732

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Ind. No. 493/17 Appeal No. 634 Case No. 2020-00110 

[*1]The People of the State of New York, Respondent,
v
JC Hernandez-Molina, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Karen Brill of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Lester B. Adler, J.), rendered August 12, 2019, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and reckless endangerment in the second degree, and sentencing him to concurrent prison terms of 5 years and 1 year, respectively, followed by 3½ years of postrelease supervision, unanimously reversed, on the law, and the matter remanded for a new trial.
"Defendant is entitled to a new trial because the court denied his request for new counsel without making any inquiry" into the substance of his request, "and without giving defendant any opportunity to explain the basis for his request" (People v Resheroop, 209 AD3d 444, 444 [1st Dept 2022]). It is not dispositive that the request was first raised "[s]hortly before jury selection" (People v Rodriguez, 46 AD3d 396, 397 [1st Dept 2007], lv denied 10 NY3d 844 [2008]). "Even though the request for new counsel may well have been a delaying tactic, . . . the court had no basis to deny the application without hearing any explanation" (People v Branham, 59 AD3d 244, 245 [1st Dept 2009]).
Since we are reversing and remanding for a new trial, we do not reach any of defendant's remaining arguments on appeal, except that we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023