People v Stukes (2024 NY Slip Op 03387)

People v Stukes

2024 NY Slip Op 03387

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Oing, J.P., Friedman, González, Rodriguez, O'Neill Levy, JJ. 

Ind No. 3663/14 Appeal No. 2528 Case No. 2019-1491 

[*1]The People of the State of New York, Respondent,
v
Willie Stukes, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Larry Glasser of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered July 18, 2018, convicting defendant, upon his plea of guilty, of murder in the first degree and attempted murder in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
Defendant made a valid waiver of his right to appeal. The combination of the court's oral colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). Contrary to defendant's contention, the plea minutes reflect that the prosecutor, not the court, required the waiver as part of the plea agreement. In any event, this Court has not adopted the Second Department's requirement that the court articulate a reason for requiring an appeal waiver (see People v Dilworth, 189 AD3d 636, 637 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]).
Defendant's valid waiver of his right to appeal forecloses review of his claim that the court improperly denied his motion for "reassignment" of counsel, except to the extent the claim implicates the voluntariness of his guilty plea (see People v Doyle, 82 AD3d 564 [1st Dept 2011], lv denied 17 NY3d 805 [2011]). The record, however, establishes that the court's denial of defendant's request for new counsel did not impact the voluntariness of the plea. Defendant affirmed during the plea colloquy that he was "satisfied" with counsel's advice and representation and was pleading guilty voluntarily, and, in exchange for his guilty plea, received a sentence that was relatively lenient in light of the overwhelming evidence of his guilt and a potential sentence of life without parole (see People v Rahman, 129 AD3d 553, 554 [1st Dept 2015], lv denied 26 NY3d 933 [2015]). Notably, the guilty plea was separated by two months from the denial of defendant's request for new counsel, which coincided with a competency ruling that put an end to defendant's hopes that he could avoid prosecution by feigning incompetence, an effort that had included defendant's refusal to communicate with counsel.
Defendant's appeal waiver forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024