People v Berger (2025 NY Slip Op 02290)

People v Berger

2025 NY Slip Op 02290

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Ind. No. 70433/22|Appeal No. 4150|Case No. 2024-03411|

[*1]The People of the State of New York, Respondent,
v
Michael Berger, Defendant-Appellant.

The Baker Law Firm for Criminal Appeals, PLLC, Bronx (Mark M. Baker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Cecilia Chang of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered November 1, 2023, convicting defendant, upon his plea of guilty, of attempted assault in the first degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.
Defendant asks this Court to reduce his sentence due to the alleged deprivation of his right to counsel. Specifically, defendant argues that Supreme Court's denial of his requests for substitution of counsel prevented him from availing himself of an earlier offer by the People of a lesser term of incarceration. Defendant expressly declines to challenge his conviction by arguing that his ultimate plea (with counsel whom defendant had requested be relieved) was not voluntarily entered, or that counsel was ineffective in his representation.
The court providently exercised its discretion in denying defendant's requests for substitution of counsel (see People v Fredericks, __ NY3d __, 2025 NY Slip Op 01011, *3 [2025]). Before two separate judges, defendant alleged that he did not trust counsel and had difficulty getting in touch with him, but he declined to provide specific examples of substandard representation, despite each judge pressing him for additional information. These vague complaints amounted to "disagreement over strategy or personal dislike" (People v Newell, 200 AD2d 451 [1st Dept 1994]) and "conclusory allegations of inadequate communication" (People v Estwick, 266 AD2d 123, 124 [1st Dept 1999], lv denied 94 NY2d 918 [2000]). Thus, no deprivation of the right to effective counsel warrants any reduction in defendant's sentence.
We note that were this Court to conclude that Supreme Court improvidently denied defendant's request for new counsel, the appropriate remedy would be vacatur of the conviction, which defendant explicitly does not seek (People v Sides, 75 NY2d 822, 824-25 [1990]; see People v Rodriguez, 46 AD3d 396, 397 [1st Dept 2007], lv denied 10 NY3d 844 [2008]).
We perceive no basis for reducing defendant's sentence. We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025