People v Green (2026 NY Slip Op 01017)

People v Green

2026 NY Slip Op 01017

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 894/20, 2373/14, 905/15|Appeal No. 5910-5911|Case No. 2017-2061, 2022-03048|

[*1]The People of the State of New York, Respondent,
vLonzell Green, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alison L. Haupt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.

Judgment, Supreme Court, New York County (Cori H. Weston, J.), rendered July 13, 2022, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 13 years, unanimously affirmed.
Judgment of resentence, same court (Kate Paek, J.), rendered July 8, 2024, resentencing defendant to an aggregate term of 3½ years, upon his conviction, same court (Edward J. McLaughlin, J.), rendered October 27, 2015, upon his pleas of guilty, of gang assault in the second degree and conspiracy in the fourth degree, unanimously affirmed.
The court properly declined to instruct the jury on the lesser included offense of assault in the second degree because there was no reasonable view of the evidence, viewed most favorably to defendant, that the victim did not sustain a "protracted impairment of health" sufficient to constitute serious physical injury (see Penal Law §§10.00[10], 120.10[1], 120.05[2]). The victim testified about the pain and physical limitations she suffered for months after the shooting, and her testimony was amply corroborated by the medical records (see People v Marquez, 49 AD3d 451, 451 [1st Dept 2008], lv denied 10 NY3d 936 [2008]; People v McDuffie, 293 AD2d 287 [1st Dept 2002], lv denied 98 NY2d 699 [2002]). "[N]othing in the statue limits 'protracted' impairments to those that are permanent or measured in years" (People v Herrera, 202 AD3d 517, 519 [2022], lv denied 38 NY3d 1134 [2022] [internal quotation marks omitted]). Moreover, the record reflects that the victim continued to suffer weakness and a limited range of motion at the time of trial, about two years later (see People v Graham, 297 AD2d 579, 580 [1st Dept 2002], lv denied 99 NY2d 535 [2002]).
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (People v Mora, 290 AD2d 373, 373-374 [1st Dept 2002], lv denied 98 NY2d 639 [2002]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v. Benevento, 91 NY2d 708 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel took a position adverse to defendant (see People v Fredericks, 43 NY3d 551, 560 [2025]), or that any potential conflict of interest operated on the defense (see People v Ortiz, 76 NY2d 652, 655-656 [1990]; People v Silva, 15 AD3d 263, 263 [1st Dept 2005], lv denied 4 NY3d 857 [2005]).
We perceive no basis for reducing the sentence.
With respect to the judgment of resentence, the court providently exercised its discretion in denying youthful offender treatment (see generally People v Anthony C., 25 NY3d 937, 938 [2015]). The underlying crimes were serious, involving multiple instances of violent gang-related activity (see People v Johnson, 226 AD3d 597 [1st Dept 2024], lv denied 42 NY3d 928 [2024]), and in the years before his resentencing, defendant committed an additional violent felony offense, causing the victim to sustain serious physical injury (see People v Ortiz, 168 AD3d 463 [1st Dept 2019], lv denied 33 NY3d 952 [2019]). We perceive no basis to substitute a youthful offender adjudication in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026